**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4090**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ALFREDO DE JUSUS RAMIREZ, a/k/a Alfredo Dejesus Ramirez,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.   J. Michelle Childs, District Judge.  (5:14-cr-00559-JMC-3)

Submitted:  September 29, 2016     Decided:  October 12, 2016

Before MOTZ, TRAXLER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeremy A. Thompson, LAW OFFICE OF JEREMY A. THOMPSON, LLC, Columbia, South Carolina, for Appellant.   Beth Drake, Acting United States Attorney, James Hunter May, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In October 2014, a federal grand jury charged Alfredo de Jusus Ramirez and three codefendants with, in relevant part, conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine and 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). Following a 2-day trial at which 13 witnesses testified, the jury found Ramirez guilty of this offense. The district court subsequently sentenced Ramirez to 292 months' imprisonment, and Ramirez timely appealed.

The lone issue raised on appeal is Ramirez's challenge to the district court's order denying his pretrial motion to suppress evidence from a traffic stop that occurred in Tennessee in February of 2013. We conclude that, even assuming that the motion to suppress should have been granted, the admission of the challenged evidence was harmless given the strength of the Government's case against Ramirez. We therefore affirm the criminal judgment.

In February 2013 — 18 months before the events underlying this trial — Scott Baker, a Deputy Sheriff from the Rutherford County (Tennessee) Sheriff's Department, engaged Ramirez in a traffic stop after observing Ramirez following a tractor trailer too closely. Ramirez sought to suppress Baker's testimony

2

regarding this stop, the $20,000 in U.S. currency and small quantity of methamphetamine seized by Baker following his road-side search of Ramirez's truck, and Ramirez's statement to authorities following this seizure. As relevant to our inquiry, Ramirez sought to suppress this evidence on various Fourth Amendment grounds.

Baker testified at length regarding the stop at the hearing on the motion to suppress, at which the court also watched the video recording of the traffic stop. The court ultimately denied the motion to suppress and further ruled that Baker's testimony was admissible.

On appeal, Ramirez restates his contention that Baker's testimony should have been suppressed because the underlying traffic stop violated the Fourth Amendment. Specifically, relying on United States v. Digiovanni, 650 F.3d 498 (4th Cir. 2011), Ramirez complains that the detention lasted longer than necessary to effectuate the purpose of the stop.

When reviewing a district court's denial of a motion to suppress, "we review factual findings for clear error and legal determinations de novo," while viewing "the evidence in the light most favorable to the Government." United States v. Green, 599 F.3d 360, 375 (4th Cir. 2010). The district court's refusal to suppress evidence is also subject to harmless error review. See United States v. Blauvelt, 638 F.3d 281, 290-91

3

(4th Cir. 2011); <u>United States v. Abu Ali</u>, 528 F.3d 210, 231 (4th Cir. 2008).

As such, we need not resolve Ramirez's arguments regarding the propriety of the district court's ruling on the motion to suppress because, even if we assume that the district court's ruling is erroneous under <u>Digiovanni</u>, we conclude that this error is harmless. Our review of the record persuades us that Baker's testimony as to the evidence flowing from the February 2013 stop was secondary to the other direct and circumstantial evidence that the Government presented to establish Ramirez's guilt of the underlying charge. Because the record convinces us that any "rational fact finder would have found [Ramirez] guilty absent the error[,]" <u>United States v. Poole</u>, 640 F.3d 114, 120 (4th Cir. 2011) (citing <u>Chapman v. California</u>, 386 U.S. 18, 24 (1967)), we reject Ramirez's assignment of error. We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>